UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:21-CR-76 JD |
| ALFREDO PALACIOS | |

**OPINION AND ORDER**

This matter is before the Court on a Notice of Removal filed by Alfredo Palacios. On January 22, 2020, the State of Indiana charged Mr. Palacios with two Counts of Dealing in Cocaine. (Chronological Case Summary, DE 4-2 at 1.) Mr. Palacios' case is currently pending in the Elkhart County Circuit Court,[1] (*Id.* at 1), and he seeks to remove this case to federal court pursuant to 28 U.S.C. § 1455. (DE 1.) When a notice of removal of a criminal prosecution from a State court is filed, the District Court "shall examine the notice promptly" and "if it clearly appears on the face of the notice" that removal is not permitted, shall order summary remand. 28 U.S.C. § 1455(b)(4). The Court believes summary remand is necessary for two reasons.

First, Mr. Palacios does not assert any applicable ground for removal. A notice of removal "shall include all grounds for such removal." 28 U.S.C. § 1455(b)(2). "State criminal defendants may remove criminal prosecutions to federal court only in limited, specific circumstances." *Indiana v. Bennett*, No. 1:20-CR-00111, 2020 WL 3071685, at *1 (S.D. Ind. June 9, 2020). One circumstance is where the defendant is the United States, an agency of the United States, or an officer of the United States being sued for any act under color of such office. 28 U.S.C. § 1442. However, Mr. Palacios does not allege he is an officer of the United States.

---

[1] Case number 20C01-2001-F2-000001.

The second circumstance permitting removal of state prosecutions is when the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." 28 U.S.C. § 1443(1). "The Supreme Court has interpreted the statute to apply only if the right alleged arises under a federal law providing for civil rights *based on race* and the petitioner must show that he cannot enforce the federal right due to some formal expression of state law." *State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997) (emphasis added) (citing *Georgia v. Rachel*, 384 U.S. 780 (1966) and *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 621 (1979)). Here, Mr. Palacios' allegations are anything but clear, but it appears that he is primarily asserting that the government lacked probable cause when they arrested him and have not been turning over discovery materials. At no point does he allege that he has been denied any rights arising under a federal law providing for civil rights "based on race." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) ("First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality."). Nor is there any reason to believe that Mr. Palacios cannot enforce the various rights he references in the state courts. *Id.* at 220 ("[T]he vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."). The Court therefore has no basis for jurisdiction upon which it could accept removal of these actions.

Second, Mr. Palacios' removal was untimely. "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). If good cause is shown, the

"district court may enter an order granting the defendant or defendants leave to file the notice at a later time." *Id.* As reflected in the publicly available Chronological Case Summaries, Mr. Palacios was arraigned on January 23, 2020. (DE 4-2 at 2.) However, his notice of removal was dated August 11, 2021, which is much more than 30 days after his arraignment. (DE 1.) Nothing in Mr. Palacios' notice of removal would support good cause for extending the deadline, so his case must also be remanded on that basis.

Therefore, pursuant to 28 U.S.C. § 1455(b)(4), the Court ORDERS that this case be summarily REMANDED to the state court.

SO ORDERED.

ENTERED: October 14, 2021

                                            /s/ JON E. DEGUILIO
Chief Judge
United States District Court